**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMY L. RODRIQUEZ, | Case No. 1:13-cv-01716-SKO |
| Plaintiff, | **ORDER ON PLAINTIFF'S COMPLAINT** |
| v. | (Doc. No. 1) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Gemmy L. Rodriquez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplement Security Income ("SSI") benefits pursuant to Title II and Title XVI of the Social Security Act. 42 U.S.C. § 405(g). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7, 8.)

# FACTUAL BACKGROUND

Plaintiff filed an application for DIB and SSI on February 1, 2011, alleging disability beginning on September 1, 2010, caused by post-traumatic stress disorder, panic attacks, and dysthemia. (AR 165.)

## A.   Relevant Medical Evidence

In November 2009, Plaintiff was incarcerated, and she received mental health treatment during her incarceration. (AR 165, 236.) Plaintiff reported a variable mood, depression, crying spells, and insomnia. (AR 236.) A mental status evaluation form indicates that Plaintiff was fully oriented and displayed good intellectual functioning, concentration, attention, and memory. (AR 237.) A status exam was performed again in May 2010, and it was noted that Plaintiff's mood was mildly dysphoric and she experienced initial insomnia at night for about two to three hours. (AR 242.) A December 2010 a report indicates Plaintiff was not on any psychiatric medications, her thought process was linear, and her thought content was goal directed. (AR 246.) Plaintiff's insight and judgment were noted to be improving, and she continued to be "future oriented" about her release. (AR 246.)

Following submission of her claim for disability, state agency physician Sheri L. Simon, Ph.D., evaluated the medical evidence on April 14, 2011. Dr. Simon found Plaintiff moderately limited in her abilities to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number of interruptions and length of rest periods; to interact appropriately with the general public; to respond appropriately to changes in the work setting; and to set realistic goals or make plans independently of others. (AR 259.) Dr. Simon opined that Plaintiff "is able to perform work where interpersonal contact is routine but superficial, e.g. grocery checker; complexity of tasks is learned by experience, several variables, judgment within limits; supervision required is little for routine [work]." (AR 259.) Dr. Simon reasoned that Plaintiff was able to communicate without difficulty and interacted appropriately with the Social Security Administration office, completed personal care without problem, and engaged in a wide variety of daily activities. (AR 260.)

On June 22, 2011, state agency examiner Maryanne Bongiovani, PhD, reviewed the record, affirmed Dr. Simon's findings, and provided the following discussion and conclusion:

> Claimant's statement of limitations was partially credible. She has appeared sad at her therapy sessions, but no significant problems with mental status noted. As a condition of her parole, she has regular therapy and parole meetings. These meetings are frequent and claimant has been consistent with the meetings, has been on time and shown no signs of anxiety at the meetings. In addition, she reports spending time looking for work. She cannot be around children and breaking this rule could make her anxious about going out in public . . . Claimant had a diagnosis of Depressive Disorder NOS. After considering the above new evidence and allegations, I concur with the SSA – PRT and MRFC dated April 14, 2011.

(AR 278.)

**B.     Administrative Proceedings**

The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 65-67, 73-84.) A hearing was held on August 24, 2012, before ALJ Patricia Leary Flierl. (AR 23-40.)

**1.     Testimony of Vocational Expert at the Hearing on August 24, 2012**

At the hearing, the ALJ posed hypotheticals for the Vocational Expert ("VE") to consider. In the first hypothetical, the ALJ asked the VE to assume an individual of the same age as Plaintiff and with the same education and work history. (AR 37.) The ALJ asked whether such a person who had no exertional limitations, but who needed to avoid concentrated exposure to dust and fumes and is limited to simple, repetitive tasks with no interaction with the general public could perform her past relevant work. (AR 37.) The VE testified that such an individual would not be able to perform Plaintiff's past relevant work but could perform other jobs such as inspector, hand packager, cleaner, and dishwasher. (AR 37-38.)

In a second hypothetical, the ALJ asked the VE to assume a person with the same limitations as in the first hypothetical but with the added limitation of being unable to work with or around children. (AR 38.) The VE testified that such a person would still retain the ability to perform work as a cleaner, inspector, and hand packager.

In a third hypothetical, the ALJ asked the VE to assume the same limitations as in the second hypothetical, but with the added limitation of being unable to concentrate in two-hour increments. (AR 39.) The VE testified that someone unable to focus for at least two hours at a time would "probably" not be employable. (AR 39.)

Plaintiff's counsel asked the VE to assume the hypothetical person was expected to be absent four days per month and required two to three unscheduled breaks approximately every half-an-hour and asked whether such a person could perform work in the national economy. (AR 39.) The VE testified such a limitation would preclude all work. (AR 39.)

### 2. The ALJ's Decision

On August 30, 2012, the ALJ issued a decision, finding Plaintiff not disabled since September 1, 2010. (AR 11-18.) Specifically, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since her alleged onset date of September 1, 2010 (AR 13); (2) Plaintiff had severe impairments, including depression, post-traumatic stress disorder, and asthma (AR 13); (3) did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (AR 13); and (4) had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant can perform only simple, repetitive tasks with no interaction with the general public and is unable to work with or around children (AR 14). The ALJ found that Plaintiff was unable to perform any of her past relevant work (AR 16), but she retained the ability to perform other work such as a hand packager, cleaner, and a dishwasher (AR 17). The ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act at any time from September 1, 2010, through the date of decision. (AR 17.)

Plaintiff sought review by the Appeals Council on October 10, 2012. (AR 5.) The Appeals Council denied Plaintiff's request for review on August 27, 2013. (AR 1-4.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981; 416.1481.

## C.     Plaintiff's Argument on Appeal

On October 24, 2013, Plaintiff filed a complaint before this Court seeking review of the ALJ's decisions. Plaintiff argues the ALJ erred by rejecting portions of Dr. Simon's opinion without any stated basis. The limitations opined by Dr. Simon preclude Plaintiff's ability to perform the alternative work identified by the ALJ, and thus the ALJ's decision is unsupported by substantial evidence.

## SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## APPLICABLE LAW

An individual is considered disabled for purposes of disability benefits if he or she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The

impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy.  42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability.  In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"),  20 C.F.R. 404, Subpart P, App. 1.  *Id*. §§ 404.1520(d), 416.920(d).  If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work.  *Id*. §§ 404.1520(f), 416.920(f).  If not, in the Fifth Step, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy.  *Id*. §§ 404.1520(g), 416.920(g).  If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

Plaintiff contends that the ALJ, despite giving great weight to the opinion of Dr. Simon, nonetheless refused to credit a portion of Dr. Simon's opinion without stating any legitimate or specific reason for doing so.  Plaintiff argues Dr. Simon found her moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms, but the ALJ ignored this moderate limitation in formulating Plaintiff's RFC and

did not address Dr. Simon's opinion in this regard at all.  At the hearing before the ALJ, the VE testified that a person with a moderate limitation in the ability to complete a normal workweek without interruptions from symptoms would be unable to perform any work.  To the extent Dr. Simon opined regarding the type of work Plaintiff could perform, she is not competent to do so as this is within the exclusive expertise of the VE.

The Commissioner contends Plaintiff misinterprets Dr. Simon's opinion and demonstrates a misunderstanding of what the RFC entails.  Dr. Simon's limitation noted Plaintiff was only "moderately limited" in her ability to complete a normal workweek, not that Plaintiff was fully unable or markedly limited in this regard.  Dr. Simon's actual RFC assessment stated that Plaintiff "is able to perform work where interpersonal contact is routine but superficial, e.g.[,] grocery checker; complexity of tasks is learned by experience, several variable, judgment within limits; supervision required is little for routine but detailed for non-routine/semi-skilled."  (AR 259.)  The Commissioner contends these limitations correspond "perfectly" to the ALJ's RFC limiting Plaintiff to simple, repetitive tasks with no interaction with the general public.  Further, this narrative statement from Dr. Simon interprets the limitations she marked by check-box in the RFC form, which included the moderate limitation in the ability to complete a normal workday or workweek.  Dr. Simon's narrative was an interpretation of what she marked on Plaintiff's form, which the ALJ adopted in full.

Plaintiff's argument cannot be fully squared with the record.  Plaintiff contends the VE was asked by the ALJ to assume the limitations as described by Dr. Simon, which Plaintiff characterizes as "an *inability*" to complete a normal workday or workweek as a result of psychological symptoms.  Plaintiff asserts the VE testified that an individual could not perform work given those limitations.  (Doc. 10, 5:11-15.)  First, Dr. Simon did not opine Plaintiff was *unable* to complete a normal workday – only that Plaintiff had moderate limitation in that area.  (AR 259.)  Second, when the ALJ incorporated the limitations opined by Dr. Simon, the VE was asked to consider a person with no exertional limitations; a need to avoid concentrated exposure to dust and fumes; and a person who is limited to simple, repetitive tasks with no interaction with the general public.  (AR 37.)  The VE testified that such a person could perform work including

inspector/hand-packager, cleaner, and dishwasher. (AR 38.) In a third hypothetical, the ALJ asked the VE to consider a person with the previous limitations, but with an added limitation that the person would be unable to concentrate in two-hour increments. (AR 39.) The VE testified that such a person "probably wouldn't be employable." (AR 39.) An inability to concentrate in two-hour increments, however, was not a limitation opined to by Dr. Simon. Plaintiff's husband stated Plaintiff could concentrate for no more than one to two hours, but this statement was given very little weight by the ALJ. (AR 15.) Therefore, Plaintiff's argument that the VE testified Plaintiff was unable to work with the limitations imposed by Dr. Simon is mistaken.

Plaintiff argues the ALJ's RFC assessment fails to capture Dr. Simon's opinion that Plaintiff is moderately limited in her ability to complete a normal workweek or workday, but the Court is not persuaded in light of the record before the ALJ. Moderate limitations in the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms do not preclude a finding of non-disability. *Hoopai v. Astrue*, 499 F.3d 1071, 1076-77 (9th Cir. 2007). Additionally, the ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) (ALJ resolves conflicts and ambiguities in the evidence). In considering Plaintiff's mental abilities and limitations, the ALJ noted the state agency physicians opined that Plaintiff could perform simple, repetitive tasks with decreased public contact. (AR 16, 275, 278.) Dr. Simon marked only four areas where Plaintiff had moderate limitations, which included a moderate limitation in the ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms, while in all other abilities, Dr. Simon marked Plaintiff as "Not Significantly Limited." (AR 259.) Dr. Simon also provided a narrative opinion after completing the check-box form opining Plaintiff could work at tasks where the interpersonal contact is superficial, the complexity of tasks is learned by experience, and Plaintiff would require little supervision for routine tasks. (AR 259.)

Based on this evidence, the ALJ concluded Plaintiff retains the ability to complete simple repetitive tasks with no interaction with the general public and an inability to work with or around children. (AR 14.) The ALJ was not required to individually reference each of the four moderate

limitations Dr. Simon marked on the RFC assessment form. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ does not need to discuss every piece of evidence when interpreting the record). The ALJ noted the state agency opinions of both Drs. Simon and Bongiovani, and expressly adopted the limitation for simple repetitive tasks with limited public contact and no work with or around children. Dr. Simon's narrative assessment is not contradicted by the ALJ's RFC, as she opined Plaintiff retained the mental ability to perform routine tasks with little supervision. To the extent there was any ambiguity between Dr. Simon's narrative of Plaintiff's abilities and the check-box form, the ALJ was entitled to resolve it based on all the evidence. *See Lewis*, 236 F.3d at 509 (ALJ resolves conflicts and ambiguities in the evidence).

In view of the evidence in the record, particularly Dr. Simon's narrative interpreting her findings marked on the form, a moderate limitation in the ability to complete a workday or workweek without interruption is consistent with and properly captured by a limitation to simple repetitive tasks. *See McLain v. Astrue*, No. SACV 10-1108 JC, 2011 WL 2174895, at * (C.D. Cal. June 3, 2011); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1171 (9th Cir. 2008) (limitation for simple, repetitive tasks adequately captured physician opinion that the claimant had moderate limitations in concentration, persistence, and pace). The form Dr. Simon completed included an observation that Plaintiff retained the capacity to perform routine tasks (AR 259), which Dr. Bongiovani affirmed (AR 278).

Plaintiff argues the ALJ interpreted Dr. Simon's notation of Plaintiff's moderate limitation in dealing with the public as a preclusion of *all* contact in the workplace by Plaintiff with the general public. However, the moderate limitation noted on the form by Dr. Simon in Plaintiff's ability to complete a normal workday or workweek was not interpreted as restrictively, which Plaintiff maintains is inconsistent and erroneous. (Doc. 10, 8:12-23.)

The ALJ is required to formulate the RFC based on the entire record. 20 C.F.R. § 404.1545(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical courses, as well as observations by family members and the claimant's own subjective symptoms). Under the terms of her parole, Plaintiff cannot be around children, and the ALJ noted that the risk of breaking this rule "could make her anxious about

going out in public." (AR 16.) Dr. Simon also noted that Plaintiff was limited to no contact with the general public where there would be unsupervised children. (AR 260.) The ALJ was entitled, in view of the evidence as a whole, to incorporate a more restrictive limitation for public contact than that noted by Dr. Simons, to adequately formulate the RFC in view of all the evidence. Adopting a more restrictive interpretation of this particular moderate limitation did not require the ALJ to interpret the moderate limitation in Plaintiff's ability to complete a normal workweek or workday in a similarly restrictive a manner. Moreover, Plaintiff cites no evidence the ALJ overlooked which would justify a more restrictive interpretation of Dr. Simon's notation of Plaintiff's moderate limitation in her ability to complete a normal workweek or work day due to psychological symptoms.

Plaintiff also argues that Dr. Simon was not entitled to provide a narrative assessment of Plaintiff's ability to complete routine job tasks as this is the type of opinion expressly reserved for a VE. (*See* Doc. 10, 7:16-11:11 ("Consequently, any conclusion by the physician as to the type of work available to Ms. Rodriquez is not relevant in light of the [VE] testimony that such an individual is not able to maintain any employment.").  Dr. Simon's narrative opinion gave examples of the kinds and nature of *tasks* that Plaintiff retained the mental ability to perform – which was a translation of the check-box form. Her narrative was not synonymous with an opinion about the specific types of jobs Plaintiff could perform in light of her limitations, which is the province of the VE. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001) (when the testimony of a VE is solicited, the VE is responsible for identifying "a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy"). Dr. Simon's opinion regarding the general kinds of tasks Plaintiff could still perform given her mental abilities – such as those that are routine and the tasks is learned by experience – was within the scope of her medical expertise.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, the Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social

Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff Gemmy L. Rodriquez.

IT IS SO ORDERED.

Dated: **March 16, 2015** /s/ **Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE